UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRAXTON FORD,

   Plaintiff,

CASE NO.: 13-cv-81188-JIC

-VS-

EXETER FINANCE CORP.,

**JURY TRIAL DEMANDED**

   Defendant.
_____/

## AMENDED COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332.

4. The alleged violations described in the Complaint occurred in Palm Beach county, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Palm Beach County.

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

7. Exeter Finance Corp. (hereinafter "Exeter") is a corporation and a citizen of the State of Texas with its principal place of business at 222 W. Las Colinas Blvd., Suite 1800, Irving, TX 75039.

8. Exeter sought to collect from Plaintiff an alleged debt arising from transactions incurred primarily for personal, family or household purposes.

9. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

10. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

11. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

12. In or about December, 2012, the Plaintiff received a new cellular telephone number from his service provider - Sprint.

13. Shortly after receiving his new cellular telephone number, the Plaintiff began receiving calls from Exeter looking for a woman whom Plaintiff does not know, nor has ever known.

14. In December 2012, Exeter would call Plaintiff upwards of four (4) times a day looking for the woman whom Plaintiff was not aware of.

15. On at least three (3) occasions in December 2012, Plaintiff spoke to agents of Exeter and explained to them they were calling the incorrect number and to please cease calling. During each conversation, Exeter's agents would apologize and inform the Plaintiff that they would

remove the number from the database and it would take roughly forty-eight (48) hours for his number to be completely removed.

16. Despite Exeter's numerous conveyances that they were removing Plaintiff's number from their system, Exeter continued to incessantly call the Plaintiff looking for a woman whom he did not know.

17. Plaintiff came to the realization that nothing he could do would get Exeter to cease calling him, so he did not answer their constant calls again.

18. Plaintiff received approximately one hundred and twenty five (125) calls from Exeter to his cellular phone looking for an unknown woman.

19. Exeter attempted to collect a debt from the Plaintiff by this campaign of calls.

20. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

21. The following is a small sampling of the call volume which Plaintiff received from Exeter:

      i)     April 10, 2013 at 11:44 am

      ii)    April 10, 2013 at 11:50 am

      iii)   April 10, 2013 at 12:53 pm

      iv)   April 10, 2013 at 1:54 pm

      v)    April 10, 2013 at 2:57 pm

      vi)   April 16, 2013 at 2:15 pm

      vii)  April 17, 2013 at 10:12 am

      viii) April 23, 2013 at 10:42 am

      ix)   April 26, 2013 at 9:48 am

      x)    April 26, 2013 at 11:41 am

       xi)     April 26, 2013 at 6:07 pm

       xii)    April 27, 2013 at 10:31 am

       xiii)   May 19, 2013 at 7:43 pm

       xiv)   May 19, 2013 at 8:24 pm

       xv)    May 19, 2013 at 8:27 pm

       xvi)   May 19, 2013 at 9:10 pm

       xvii)  May 19, 2013 at 9:12 pm

       xviii) May 19, 2013 at 9:15 pm

22. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer or the Defendant to remove the incorrect number.

23. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

24. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

25. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

28. Plaintiff incorporates paragraphs one (1) through twenty-seven (27).

29.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

30.     Plaintiff incorporates paragraphs one (1) through twenty-seven (27).

31.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

32.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor.

33.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor.

34.     Defendant has violated Florida Statute § 559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

35.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

36. Plaintiff incorporates paragraphs one (1) through twenty-seven (27).

37. Defendant's actions were, reckless, outrageous, intentional, deliberate, malicious, beyond all bounds of decency, odious and utterly intolerable in a civilized society.

38. Such conduct is the type of conduct which would cause the average person to exclaim "outrageous!"

39. As a direct and proximate result of Defendant's conduct Plaintiff suffered severe emotional distress and mental anguish.

40. Plaintiff's emotional distress is severe and ongoing.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Dated this 27th day of January, 2014.

Respectfully submitted,

/s/ *William Peerce Howard*
William Peerce Howard, Esq.
Florida Bar No.: 0103330
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
BHoward@ForThePeople.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to all counsel of record via the Court's CM/ECF filing system on this 27th day of January, 2014.

/s/ *William Peerce Howard*
William Peerce Howard, Esq.
Florida Bar No.: 0103330